**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NICK DELCORE,<br><br>     Plaintiff,<br><br>  v.<br><br>CUTOLO BARROS LLC,<br><br>     Defendant. | Civil Action No. 21-17735 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff Nick Delcore's ("Plaintiff") Motion for Judgment Notwithstanding the Verdict ("JNOV"). (ECF No. 69-1.) Defendant Cutolo Barros LLC ("Defendant") filed a brief in opposition (ECF No. 70), and Plaintiff filed a reply brief to the opposition (ECF No. 71). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Court denies Plaintiff's Motion.

**I. BACKGROUND**

  The Court recites only the facts necessary to contextualize the Court's findings. On September 28, 2021, Plaintiff filed a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). (Compl. ¶ 1, ECF No. 1.)[1]

---

[1] The complaint included an additional Defendant, Three Pence Brooke Condominium Association, Inc., who was later dismissed from the action. (Pl.'s Opp'n Br. 5-6, ECF No. 27; Mem. Op. 1, ECF No. 30.)

After discovery, both Defendant and Plaintiff moved for summary judgment. (Def.'s Summ. J. Br., ECF No. 21; Pl.'s Summ. J. Br., ECF No. 22.) Plaintiff asserted that there was no dispute of material fact that Defendant violated the FDCPA, a strict liability statute. (Pl.'s Summ. J. Br. 15-17.) Defendant claimed that Plaintiff's case must be dismissed due to Defendant's "Bona Fide Error Defense." (Def.'s Summ. J. Br. 16-19.) Denying summary judgment to both parties, this Court held that although Defendant had satisfied the first two prongs of the Bona Fide Error Defense, there remained the following question to submit to a jury: "Did Defendant[] prove by a preponderance of the evidence that [it has] reasonable procedures in place to prevent the error which occurred?" (Mem. Op. 11, ECF No. 30.) At trial, Defendant called one witness, Joseph Kutschman, a debt collection attorney who worked for Defendant. (Trial Tr. 29-55, Ex. 1, ECF No. 69-3.) The following was his testimony regarding Defendant's procedures to prevent violations of the FDCPA:

> Q. Mr. Kutschman, [can] I ask you to identify what [this exhibit] is[?]
>
> A. So [this exhibit] is specifically our written policies that we have relating to the FDCPA.
>
> Q. Now, with respect to debts that have been discharged in bankruptcy, what's the policy?
>
> A. Okay. So the policy generally is . . . after we identify who actually owns the property, then we perform a bankruptcy search on that placement. That's . . . the only bankruptcy search that we perform at initial placement. That's a legitimate protocol.
>
> So to dovetail that, because I don't want to specifically focus on the fact that we perform a bankruptcy search when there are -- we also require that our clients notify us of any bankruptcies because usually they'll provide – there's three ways, primary ways, that we get alerted to bankruptcy filings.
>
> So one is our client gets served with bankruptcy papers, the initial filing. And then our client [is] required to send it to us based on our agreement . . . with the client. So they need to send us all legal notices, not just bankruptcy notices. So there could be a

2

>foreclosure matter. There could be a tax issue. There could be land use matters. They need to send us everything. So as part of that process, they need to send us and notify us of any bankruptcy proceedings. So that's one way that we receive notice of the bankruptcy.
>
>. . . .
>
>Second is we get a phone call or a letter from counsel who filed bankruptcy. They say, hey, we filed bankruptcy, stop all your collection action, period. That's something that we will get alerted on. Or we actually are named as a recipient of the bankruptcy notices in the bankruptcy presumably with our correct address. Here, that didn't actually happen.

(Trial Tr. 34-36.)

After the close of evidence, Plaintiff and Defendant both moved for judgment as a matter of law. (Min. Entry, ECF No. 60.) The Court reserved on the parties' motions. (*Id.*) The the jury returned a verdict in favor of Defendant. (Verdict Form, ECF No. 63.) Question 3 of the Verdict Form asked: "Do you find that Defendant Cutolo Barros, LLC proved by a preponderance of the evidence that Cutolo Barros, LLC followed its policy and procedure with respect to Plaintiff Nick Delcore?" to which the jury marked "Yes." (*Id.* at 2.) Within 28 days of entry of judgment, Plaintiff filed the instant JNOV motion alleging that the jury could not have answered Question 3 in the affirmative based on the evidence presented. (Pl.'s Moving Br. 6.)

## II.     LEGAL STANDARD

A motion for JNOV is governed by Federal Rule of Civil Procedure 50(b).[2] After reviewing the motion, "the court may: (1) allow judgment on the verdict . . . (2) order a new trial; or (3) direct

---

[2] A JNOV is substantively identical to Judgment as a Matter of Law ("JMOL") and the terms can be used interchangeably. The Federal Rules of Civil Procedure were amended in 1991 to adopt the common terminology of JMOL to refer to JNOV and Directed Verdict, but in the Third Circuit, the pre-amendment standard is still valid. *See* Fed. R. Civ. P. 50; *Garrison v. Mollers N. Am., Inc.*, 820 F. Supp. 814, 818 n.3 (D. Del. 1993). *See also Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 744-45 (3d Cir. 1990).

3

the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b). JNOV must be "granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). This is a "narrow inquiry" and requires the Court to "refrain from weighing the evidence, determining the credibility of witnesses, or substituting [its] own version of the facts for that of the jury." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007).

The narrow inquiry does not, however, "alter the right of either party to have a question of law reserved upon the decision of which the court might enter judgment for one party in spite of a verdict in favor of the other." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 250 (1940). On the other hand, the Court's discretion is limited. A new trial is only appropriate if the Court determines that the verdict "resulted in a miscarriage of justice" or if it "cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

"It is rarely appropriate to grant a . . . [JNOV] in favor of the party having the burden of proof[,]" as the movant must meet a strict standard. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). The Court will grant a JNOV "only if the overwhelming preponderant proof is so in favor of the movant as to permit no other rational conclusion." *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1177 (3d Cir. 1976) (quoting *Wells v. Conn. Gen. Life Ins. Co.*, 469 F.2d 1231, 1234 (10th Cir. 1973)). When it comes to facts and evidence, there must be "no sufficient ground for inconsistent inferences to be drawn therefrom." *Id.* (citations omitted).

**III.     DISCUSSION**

Plaintiff moves for JNOV on the grounds that Defendant failed to present evidence that it performed a bankruptcy search of Plaintiff's records such that the jury could have found in Defendant's favor on Question 3. (Pl. Moving Br. 1-2, 6.) Defendant opposes, asserting that Plaintiff failed to prove that Defendant did *not* perform a bankruptcy search and, regardless, this dispute of fact is not by itself dispositive as Defendant employs a number of policies to avoid collecting a debt discharged in bankruptcy. (*See* Def.'s Opp'n Br.)

As stated, the Court will only consider the jury's verdict for reasonableness since "the evidence of the [JNOV] non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Defendant's witness testified to the standard policies Defendant implements to avoid violating the FDCPA and the Bankruptcy Code. (Trial Tr. 34-36.) Plaintiff implies that testifying to standard policies is not sufficient evidence of *following* these policies in this matter. (*See* Pl.'s Moving Br. 6.)

Defendant's testimonial evidence of standard procedure, however, "whether corroborated or not, is relevant to prove that the conduct of the organization [o]n a particular occasion was in conformity with the routine practice." *Envirex, Inc. v. Ecological Recovery Assocs.*, 454 F. Supp. 1329, 1333 (M.D. Pa. 1978) (citing Fed. R. Evid. 406). Thus, Defendant's witness's testimony relating to standard and routine policies can "fill in a gap in direct evidence about what [an organization] did on a specific occasion with circumstantial evidence sufficient to reasonably allow one to conclude that the [organization] probably acted in conformity with [its] usual pattern on the occasion in question." *Argentieri v. First Vehicle Servs., Inc.*, No. 10-2086, 2011 WL 710485, at *9 (E.D. Pa. Feb. 28, 2011) (citation omitted). After giving the advantage of "every fair and reasonable inference" to Defendant, the Court cannot find that the jury acted unreasonably in answering Question

3 affirmatively because it was reasonable for the jury to infer from evidence of Defendant's standard policies that Defendant applied those policies in Plaintiff's case. *Lightning Lube*, 4 F.3d at 1166. *See also Galloway v. United States*, 319 U.S. 372, 396 (1943) ("[T]he jury [is] allowed to make reasonable inferences from facts proven in evidence having a reasonable tendency to sustain them.").[3]

## IV. CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's JNOV motion. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The Court assigned this matter to the jury as factfinder because "application of the [B]ona [F]ide [E]rror [D]efense is typically a question reserved for the jury." (Mem. Op. 15 (quoting *Hassine v. Simon's Agency, Inc.*, No. 18-9031, 2020 WL 3481815, at *6 (D.N.J. June 26, 2020) (alterations in original)).)

> . . . [T]he fact that fair-minded men might reach different conclusions, emphasize[s] the appropriateness of leaving the question to the jury. The jury is the tribunal under our legal system to decide . . . issues involving controverted evidence . . . To withdraw such a question from the jury is to usurp its functions.

*Davis v. Virginian Ry. Co.*, 361 U.S. 354, 356-57 (1960) (quoting *Bailey v. Cent. Vt. Ry.*, 319 U.S. 350, 353-54 (1943) (internal citations omitted)).